**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TAMIZANY DEL ROSARIO
ORDONEZ-MALDONADO; DEBORA
ORDONEZ-MALDONADO, a.ka.
Deborah Ordonez Bexabel,

        Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 12-71507

Agency Nos.     A095-738-760
                 A095-738-759

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Tamizany Del Rosario Ordonez-Maldonado and Debora Ordonez-

Maldonado, natives and citizens of Guatemala, petition for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's ("IJ") decision denying their applications for withholding of removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Petitioners do not challenge the agency's determination that they did not meet their burden of proof for withholding of removal. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the BIA's finding that petitioners failed to establish that it is more likely than not they will be tortured by or with the acquiescence of a public official or other person acting in an official capacity if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We reject petitioners' contention that the BIA analyzed their CAT claim improperly. Accordingly, their CAT claim fails.

We reject petitioners' contention that the BIA failed to adequately consider the evidence in the record. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000) (petitioner must overcome the presumption that the agency considered all the evidence). To the extent petitioners argue that the IJ erred in not

12-71507

considering their country conditions evidence, we lack jurisdiction to review this claim because it was not exhausted to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**